UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket No. 08-cr-212-P-S |
| MICHAEL BERK, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant's Motion to Dismiss Count 2 for Speedy Trial Violation (Docket # 57).[1] Specifically, Defendant asserts that the initial indictment in this case was not filed within thirty days of his arrest, as required by the Speedy Trial Act, 18 U.S.C. §§ 3161 et seq. As explained herein, the Court DENIES Defendant's Motion.

On September 5, 2008, Magistrate Judge Rich issued a Complaint charging Defendant Berk with enticing a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). The Complaint was sealed pending Berk's arrest. At this time, Magistrate Judge Rich also issued an arrest warrant.

On October 6, 2008, Berk was arrested in the District of Maryland on the Maine warrant. He made his initial appearance on October 7th before Magistrate Judge Gesner. Following a detention hearing on October 9th, Magistrate Judge Grimm ordered Berk detained pending trial and transported to the District of Maine by the United States Marshals Service.

On October 20, 2008, this Court presided over Berk's initial appearance in the District of Maine and scheduled a combined preliminary examination and continued

---

[1] The Court observes that Defendant filed this motion on April 16, 2009, more than four months after the pretrial motions deadline established in this case. (See Docket #s 24 & 25.)

detention hearing for October 27th. Following that hearing, Magistrate Judge Rich ordered Berk detained pending trial.

The government then presented evidence to a grand jury in support of an indictment on two counts of enticement of a minor: the count originally alleged in the Complaint as having occurred on August 28, 2008, and a second count involving a different incident that occurred between August 2, 2008, and August 22, 2008. The grand jury voted to indict Berk on November 19, 2008, and filed the indictment (Docket # 19) one day later, on November 20th. All told, forty-six calendar days lapsed between Berk's arrest on October 6, 2008, and the filing of the initial indictment on November 20, 2008.[2]

The Speedy Trial Act requires the filing of an indictment within thirty days of a defendant's arrest, less various excludable periods. See 18 U.S.C. §§ 3161(b), (h); United States v. Grullon, 545 F.3d 93, 96 (1st Cir. 2008); United States v. Spagnuolo, 469 F.3d 39, 40 (1st Cir. 2006). This requirement ensures "that the defendant is not held under an arrest warrant for an excessive period without receiving formal notice of the charge against which he must prepare to defend himself." Spagnuolo, 469 F.3d at 43 (citation and internal punctuation omitted). In the case of an individual against whom a complaint has previously been filed, non-compliance with the Act's thirty-day requirement results in dismissal of any charge contained in that complaint. See 18 U.S.C. § 3162(a)(1). Such dismissal may be with or without prejudice. Id.

---

[2] A grand jury then returned a superseding indictment (Docket # 29) on December 16, 2008, which included one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). However, the instant motion concerns only the period between Berk's arrest on October 6, 2008, and the filing of the initial indictment on November 20, 2008.

Here, the government asserts that at least twenty-two days between arrest and indictment are excludable pursuant to 18 U.S.C. § 3161(h).  Specifically, the government describes as excludable various delays resulting from: the defendant's absence or unavailability, 18 U.S.C. § 3161(h)(3); proceedings relating to the transfer of the case or the removal of the defendant from another district under the Federal Rules of Criminal Procedure, 18 U.S.C. § 3161(h)(1)(E); the transportation of any defendant from another district, which is presumed not to exceed ten days, 18 U.S.C. § 3161(h)(1)(F); the consideration of various pretrial motions, 18 U.S.C. § 3161(h)(1)(D); and various proceedings concerning the defendant actually under advisement by the court, 18 U.S.C. § 3161(h)(1)(H).

The Court concludes that these exclusions, as well as the exclusions codified in Federal Rule of Criminal Procedure 45(a), pertain to at least twenty-two days between arrest and indictment.  First, October 6 and 7, 2008, are excluded, respectively, as the day of the initial event and the day of a proceeding.  See Fed. R. Crim. P. 45(a); United States v. Perez, 306 Fed. Appx. 929, 930 n.1 (6th Cir. 2009); United States v. Barnes, 159 F.3d 4, 10 (1st Cir. 1998); United States v. Santiago-Bercerril, 130 F.3d 11, 16 (1st Cir. 1997); United States v. Rodriguez, 63 F.3d 1159, 1162, 1163 n.1 (1st Cir. 1995).  October 7th is also excluded as the first day during which the government's motion to detain Berk was pending.  See 18 U.S.C. § 3161(h)(1)(D); Santiago-Bercerril, 130 F.3d at 16.  October 8th and 9th are excluded as delay resulting from the consideration of that motion.  See 18 U.S.C. § 3161(h)(1)(D); United States v. Salimonu, 182 F.3d 63, 69 (1st Cir. 1999).

The eleven days between October 9, 2008, and October 20, 2008, are excluded as delay resulting from the transportation of Berk to this District from the District of

3

Maryland. Although 18 U.S.C. § 3161(h)(1)(F) suggests that any delay exceeding ten days is presumptively unreasonable, here, the tenth day fell on a Sunday. In such circumstances, Rule 45(a) extends the period to the following Monday, which was October 20th. See United States v. Bruckman, 874 F.2d 57, 62 & n.6 (1st Cir. 1989).

Berk's initial appearance in the District of Maine, on October 20, 2008, is excluded as the day of a proceeding. During that appearance, Berk's attorney moved orally to reopen the issue of detention. Magistrate Judge Rich held a detention hearing on October 27th and issued an order the following day, October 28th. Thus, the period between October 20, 2008, and October 28, 2008, is excluded as delay from the consideration of an oral pretrial motion. See Rodriguez, 63 F.3d at 1164-65.

The grand jury returned the initial indictment on November 20, 2008, twenty-three days after Magistrate Judge Rich disposed of Berk's motion and comfortably within the Act's thirty-day window, given the exclusions noted above. Accordingly, the Court DENIES Defendant's Motion to Dismiss Count 2 for Speedy Trial Violation (Docket # 57). Defendant's request for oral argument (Docket # 58) is also DENIED.[3]

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 30th day of April, 2009.

---

[3] Even if the Court were to find a § 3161(b) violation in this case, it would dismiss Count Two of the Superseding Indictment without prejudice. Specifically, the seriousness of the offense, coupled with Defendant's failure to demonstrate prejudice, militate in favor of dismissal without prejudice. See United States v. Dessesaure, 556 F.3d 83, 86 (1st Cir. 2009); United States v. Queen, No. 08-CR-270, 2009 WL 792758, at *2-3 (E.D. Wis. Mar. 24, 2009) (dismissing without prejudice one-count indictment charging violation of 18 U.S.C. § 2422(b) following conceded violation of Speedy Trial Act, in light of the seriousness of the offense).